1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA**

10

11    MARQUISE D. LOFTIS,                          No.  1:23-cv-0002 JLT SKO (HC)

12              Petitioner,                         ORDER ADOPTING FINDINGS AND
                                                    RECOMMENDATIONS
13       v.                                         (Doc. 18)

14                                                  ORDER DENYING PETITION FOR WRIT
      JAMES HILL,                                   OF HABEAS CORPUS AND DIRECTING
15              Respondent.                         CLERK OF COURT TO ENTER
                                                    JUDGMENT AND CLOSE CASE
16                                                  ORDER DECLINING TO ISSUE
                                                    CERTIFICATE OF APPEALABILITY
17

18          Marquise D. Loftis is a state prisoner proceeding *pro se* and *in forma pauperis* with a

19    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a

20    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On June 1, 2023, the assigned magistrate judge issued Findings and Recommendations to

22    deny the petition on its merits.  (Doc. 18.)  On July 10, 2023, Petitioner filed a response.  (Doc.

23    22.)  Petitioner concedes that he cannot challenge the effectiveness of the assistance from the

24    Investigative Employee.  (*Id.* at 1.)  In addition, Petitioner "concedes… that under Federal Law

25    there was enough evidence to support a finding, under the 'Some Evidence' standard."  (*Id.*)

26    Petitioner objects to the remaining findings of the magistrate judge.  (*Id.* at 2-5.)

27          According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the

28    case.  Having carefully reviewed the matter—including Petitioner's objections— the Court

1   concludes that the Findings and Recommendations are supported by the record and proper

2   analysis.

3          In addition, the Court declines to issue a certificate of appealability.  A state prisoner

4   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

5   his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

6   U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

7   appealability is 28 U.S.C. § 2253, which provides as follows:

8          (a)      In a habeas corpus proceeding or a proceeding under section 2255 before a
   district judge, the final order shall be subject to review, on appeal, by the court of
9          appeals for the circuit in which the proceeding is held.

10         (b)      There shall be no right of appeal from a final order in a proceeding to test
   the validity of a warrant to remove to another district or place for commitment or
11         trial a person charged with a criminal offense against the United States, or to test
   the validity of such person's detention pending removal proceedings.

12
   (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
13         appeal may not be taken to the court of appeals from—

14                (A) the final order in a habeas corpus proceeding in which the
   detention complained of arises out of process issued by a State
15                court; or

16                (B) the final order in a proceeding under section 2255.

17         (2) A certificate of appealability may issue under paragraph (1) only if the
   applicant has made a substantial showing of the denial of a constitutional
18         right.

19         (3) The certificate of appealability under paragraph (1) shall indicate which
   specific issue or issues satisfy the showing required by paragraph (2).
20

21         If a court denies a petitioner's petition, the court may only issue a certificate of

22   appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

23   28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

24   "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

25   been resolved in a different manner or that the issues presented were 'adequate to deserve

26   encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

27   *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

28         In the present case, the Court finds that Petitioner has not made the required substantial

1  showing of the denial of a constitutional right to justify the issuance of a certificate of

2  appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not

3  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

4  proceed further.  Thus, the Court declines to issue a certificate of appealability.

5          Based upon the foregoing, the Court **ORDERS**:

6      1.      The Findings and Recommendations issued on June 1, 2023 (Doc. 18) are adopted

7              in full.

8      2.      The petition for writ of habeas corpus is denied with prejudice.

9      3.      The Clerk of Court is directed to enter judgment and close the case.

10     4.      The Court declines to issue a certificate of appealability.

11         This order terminates the action in its entirety.

12

13  IT IS SO ORDERED.

14     Dated:   **September 22, 2023**

UNITED STATES DISTRICT JUDGE

3